UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COPYTELE, INC.,<br><br>    Plaintiff,<br><br>    v.<br><br>AU OPTRONICS CORP., *et al.*,<br><br>    Defendants.<br>_____/ | No. C-13-0380 EMC<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT AUO'S ADMINISTRATIVE MOTION FOR LEAVE TO FILE UNDER SEAL**<br><br>**(Docket No. 53)** |

       AUO has filed an administrative motion, asking that certain documents or portions of a document be filed under seal. The Court has reviewed the motion and hereby **GRANTS** in part and **DENIES** in part the request for relief.

       1.     With respect to the motion to stay litigation and compel arbitration, only page 6, lines 24 to page 7, line 1 may be filed under seal. CopyTele shall publicly file the other excerpts from the motion as their contents have already been disclosed via CopyTele's complaint, which included as attachments the bulk of the two agreements at issue. Although AUO asserts that CopyTele should have filed the agreements in their entirety under seal pursuant to the parties' agreements (more specifically, Schedule G of each agreement), a sealing is not justified simply because of an agreement between parties. It is telling that AUO has never asked the Court to seal the agreements that were filed publicly filed by CopyTele on the basis of confidentiality concerns.

       2.     With respect to Exhibits 1 and 2 to the O'Connor declaration, the request to file under seal is denied without prejudice. AUO shall review the exhibits – *i.e.*, the agreements – and make a

more narrowly tailored request to file under seal within three days of the date of this order. In making this request, AUO should bear in mind that the bulk of the agreements (aside from the schedules) has already been disclosed in conjunction with CopyTele's filing of its complaint. To the extent AUO asks that any of the schedules be filed under seal, it must explain *with specificity* why a filing under seal is justified. The mere fact that the parties agreed between themselves that the agreements would be treated as confidential is insufficient.

To the extent the Court has granted CopyTele's motion to file under seal, CopyTele shall make the appropriate electronic filing under seal, as required by General Order No. 62, within three days of the date of this order. *See* Gen. Order No. 62 (providing that, "[i]f a motion to file under seal is granted in part or full, the requesting party will e-file the document under seal according to the procedures outlined in the FAQs on the ECF website"). Similarly, where the Court has ordered CopyTele to make a public filing, it shall do so within three days of the date of this order.

This order disposes of Docket No. 53.

IT IS SO ORDERED.

Dated: June 5, 2013

_____
EDWARD M. CHEN
United States District Judge

2